UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Petitioner,

v.

Tommie Lee White, Jr.

Respondent.

Civ. File No. 02-218 (PAM/JGL)

**ORDER**

---

This matter is before the Court on the Report and Recommendation of Magistrate Judge Susan Richard Nelson dated April 12, 2002. Magistrate Judge Nelson considered the Government's Petition to Determine Present Mental Condition of an Imprisoned Person, in this case, Respondent Tommie Lee White, under 18 U.S.C. § 4245. After a hearing, Magistrate Judge Nelson determined that Respondent is suffering from a mental disease or defect and recommended that he be committed at a suitable facility pursuant to 18 U.S.C. § 4245. Respondent filed timely Objections to the Report and Recommendation, and Petitioner responded to those objections.

The Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 72.1(c)(2). As the statute requires, the Court has conducted a de novo review of the record regarding Magistrate Judge Nelson's Report and Recommendation. See 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

MAY 31 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD MAY 31 2002
DEPUTY CLERK

Respondent contends that the record as developed at the hearing by Magistrate Judge Nelson does not show that he is suffering from any mental disease or defect which renders him "in need of treatment at a suitable facility" within the meaning of 18 U.S.C. § 4245. The Court disagrees. Having reviewed the record and the testimony of the Government witness, Dr. Shine, who evaluated Respondent at FMC Rochester on numerous occasions, it is clear that Respondent is suffering from a mental disease or defect and should be treated at a suitable facility.

Based on the Report and Recommendation of the Magistrate Judge, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondent is currently suffering from a mental disease or defect for which he is in need of treatment at a suitable facility within the meaning of 18 U.S.C. § 4245; and

2. It is, therefore, **ORDERED** that Respondent be committed to the custody of the Attorney General for care and treatment in a suitable facility, including at the Federal Medical Center, Inpatient Mental Health Unit for psychiatric care and treatment, until the Respondent is no longer in need of such custody for care and treatment or until the expiration of the sentence of imprisonment, whichever occurs earlier.

Dated: May 30, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995